IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DECATHLON S.A. AND DECATHLON USA LLC, | ) CIVIL NO. 18-00256 ACK-WRP ) ) FINDINGS AND |
| Plaintiffs, | ) RECOMMENDATION TO GRANT ) IN PART AND DENY IN PART |
| vs. | ) PLAINTIFFS' MOTION FOR ) ENTRY OF DEFAULT JUDGMENT |
| ALOKELE HALE LLC, d/b/a H20 NINJA, ALEXANDER KRIVOULIAN, | ) ) ) ) |
| Defendants. | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

Before the Court is Plaintiffs Decathlon S.A. and Decathlon USA

LLC's Motion for Entry of Default Judgment against Defendant Alokele Hale

LLC,[1] filed on April 30, 2019 (Motion).   ECF No. 25.  The Court found the

Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the

Local Rules of Practice of the United States District Court for the District of

Hawaii.  ECF No. 28.

---

[1] Within fourteen days after a party is served with the Findings and
Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written
objections in the United States District Court.  A party must file any objections
within the fourteen-day period to preserve appellate review of the Findings and
Recommendation.

The Court FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART AND DENIED IN PART.

BACKGROUND

According to the Complaint, Plaintiff Decathlon S.A., a sporting goods company, and Plaintiff Decathlon USA LLC, its distributor, sell a product known as the "Easybreath Snorkeling Mask" (Easybreath Mask) that features a clear, full-face lens surrounded by a rigid frame, a breathing tube centered at the top of the mask, and a valve at the bottom of the mask. ECF No. 1 ¶ 14, 16. The Easybreath Mask is protected by U.S. Design Patent No. D775,722 S (the '722 patent), entitled "Mask with Snorkel" which the United States Patent and Trademark Office issued on January 3, 2017. Id. ¶ 17. Plaintiff Decathlon S.A. is the owner of the '722 patent. Id. Plaintiffs also own trade dress rights in the Easybreath Mask because its design, widespread sale, advertising, and promotion lead the public to understand that the trade dress signifies Plaintiff Decathlon S.A. as the designer and source of the mask. Id. ¶ 19. The Easybreath Mask trade dress has become famous. Id. ¶ 21.

Defendant Alokele Hale began marketing a H2O Ninja snorkeling mask (H2O Mask) with a design that is nearly identical to the Easybreath Mask. Id. ¶ 27-28. Like the Easybreath Mask, the H2O Mask has a clear, full-face lens surrounded by a rigid frame, a breathing tube centered at the top of the mask, and a valve at the bottom of the mask. Id. ¶ 29. Plaintiff alleges that the H2O Mask

2

mimics every key element of the Easybreath Mask trade dress and is substantially similar to the design shown in the '722 patent.  Id. ¶ 29.

Plaintiffs filed their Complaint on June 29, 2018, alleging patent infringement and violations of federal and state unfair competition practices.  ECF No. 1.  After Plaintiffs were unable to effect personal service on the corporate defendant, Defendant Alokele Hale, Defendant Alokele Hale was served via publication pursuant to Hawaii Revised Statutes Section 634-35.  See ECF Nos. 15, 20.  Defendant Alokele Hale did not appear at the return hearing or file a response to the Complaint.  See ECF No. 21.  Default was entered against Defendant Alokele Hale on November 30, 2018.  See ECF No. 24.  The present Motion followed seeking default judgment and entry of a permanent injunction against Defendant Alokele Hale.  See ECF No. 25.

## DISCUSSION

Default judgment may be entered if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

## A. Jurisdiction.

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant Alokele Hale.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

The Court has subject matter jurisdiction over Plaintiffs' federal claims under 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  The Court has personal jurisdiction over Defendant Alokele Hale because Plaintiffs allege that Defendant Alokele Hale is a Hawaii limited liability company.  See ECF No. 1 ¶ 8; ECF Nos. 20, 21.

## B. Default Judgment Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate.  The court should consider the following factors in deciding whether to grant a motion for default judgment:

    (1)  the possibility of prejudice to the plaintiff;
    (2)  the merits of plaintiff's substantive claim;
    (3)  the sufficiency of the complaint;
    (4)  the sum of money at stake in the action;
    (5)  the possibility of a dispute concerning material facts;
    (6)  whether the default was due to excusable neglect; and
    (7)  the strong policy underlying the Federal Rules of Civil

4

Procedure favoring decisions on the merits.

Id. at 1471-72 (the Eitel factors).

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled.  See Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

## 1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery.  Accordingly, the first Eitel factor favors default judgment.

## 2. Merits of Plaintiffs' Substantive Claims

As noted above, for purposes of liability, the factual allegations in the complaint are taken as true on default.  See TeleVideo Sys., Inc., 826 F.2d at 917-

18; Fair Hous. of Marin, 285 F.3d at 906. Here, the allegations in Plaintiffs'
Complaint, taken as true, establish that Plaintiffs are entitled to default judgment
against Defendant Alokele Hale. The Court specifically considers Plaintiffs'
allegations of 1) design patent infringement and 2) Lanham Act Trade Dress
Infringement.

### a. Design Patent Infringement

To establish a claim for design patent infringement, Plaintiffs must
show that Defendant Alokele Hale "without authority makes, uses, offers to sell, or
sells any patented invention, within the United States . . . during the term of the
patent." 35 U.S.C. § 271(a). A design patent, like the '722 patent at issue here,
"protects the nonfunctional aspects of an ornamental design as shown in the
patent." Elmer v. ICC Fabricating, Inc., 67 F.3d 1571, 1577 (Fed. Cir. 1995)
(citation omitted). A design patent is infringed by the "unauthorized manufacture,
use, or sale of the article embodying the patented design or any colorable imitation
thereof." Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co., 162 F.3d
1113, 1116–17 (Fed. Cir. 1998). To determine infringement, the Court considers
whether "the designs have the same general visual appearance, such that it is likely
that the purchaser would be deceived into confusing the design of the accused
article with the patented design." Id. at 1118. Here, Plaintiffs provided an
illustrative comparison in the Complaint between the Easybreath Mask and the
H2O Mask. ECF No. 1 ¶ 28. Plaintiffs also allege that the H2O Mask has a clear,

full-face lens surrounded by a rigid frame, a breathing tube centered at the top of the mask, and a valve at the bottom of the mask, like the Easybreath Mask.  Id. ¶ 29.  Plaintiffs allege that the H2O Mask is substantially similar to the design shown in the '722 patent.  Id. ¶ 29.  Taking these allegations as true, Plaintiffs have sufficiently stated a claim for design patent infringement.

### b.  Lanham Act Trade Dress Infringement

To establish state a claim for infringement of an unregistered trade dress, Plaintiffs must show that "(1) the trade dress is nonfunctional; (2) the plaintiff owns a protectable trade dress in a clearly articulated design or combination of elements that is either inherently distinctive or has acquired distinctiveness through secondary meaning; and (3) the accused mark or trade dress creates a likelihood of confusion as to source, or as to sponsorship, affiliation or connection."  Seirus Innovative Accessories, Inc. v. Gordini U.S.A. Inc., 849 F. Supp. 2d 963, 981 (S.D. Cal. 2012) (citing 15 U.S.C. § 1125(a)(3) and Art Attacks Ink, LLC v. MGA Entm't Inc., 581 F.3d 1138, 1145 (9th Cir. 2009)).  Here, Plaintiffs allege that the Easybreath Mask trade dress is not functional, is inherently distinctive, and that the H2O Mask features a trade dress that is confusingly similar and is being marketed through a scheme designed to confuse consumers.  ECF No. 1 ¶¶ 52-55.  Taking these allegations as true, Plaintiffs have sufficiently stated a claim for trade dress infringement.

### c. Lanham Act Unfair Competition Claim

To state a claim for unfair competition under the Lanham Action, Plaintiffs must show that Defendant Alokele Hale is using Plaintiffs' protected trade dress in commerce to mislead or cause confusion as to the origin of the product.  See 15 U.S.C. § 1125(a).  Here, Plaintiffs allege that Defendant Alokele Hale's use of the Easybreath Mask trade dress on the H2O Mask is likely to cause confusion, mistake, or deception as to the source of the H2O Mask.  ECF No. 1 ¶¶ 58-59.  Taking these allegations as true, Plaintiffs have sufficiently stated a claim for unfair competition under the Lanham Act.

### d. Hawaii Revised Statutes Chapter 480 Unfair Competition

Similarly, under Hawaii law, a claim for unfair and deceptive trade practices requires Plaintiffs to show that Defendant Alokele Hale has caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services or as to affiliation, connection, or association with another.  See Haw. Rev. Stat. § 481A-3.  Here, Plaintiffs allege that Defendant Alokele Hale's actions are likely to confuse the public as to the origin, source or sponsor ship of the H2O Mask or to cause mistake or to deceive the public into believing that the H2O Mask is made, authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiffs, in violation of Plaintiffs' rights in the Easybreath Mask trade dress.  ECF No. 1 ¶¶ 62-66.  Taking these allegations

as true, Plaintiffs have sufficiently stated a claim for unfair competition under Hawaii law.

After considering the allegations in the Complaint, this factor weighs in favor of default judgment because the allegations, taken as true, are sufficient to establish Plaintiffs' claims.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Complaint and the Motion. The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Here, Plaintiffs do not seek an award of monetary damages. See ECF No. 25-1. Accordingly, the Court finds that this factor weighs in favor of default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant Alokele Hale has been given a fair opportunity to defend this action and has not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, this factor favors default

judgment.

## 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant Alokele Hale's default was not the result of excusable neglect. Defendant Alokele Hale's default was not the result of any excusable neglect, but rather due to its conscious and willful decision not to defend this action. Defendant Alokele Hale failed to defend this action and default was entered against it. See ECF No. 24. This factor too favors default judgment.

## 7. Policy Favoring Decisions on the Merits

Defendant Alokele Hale's default makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant Alokele Hale has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant Alokele Hale.

## 8. Totality of Eitel Factors

The Court finds that the totality of the Eitel factors weighs in favor of entering default judgment in Plaintiffs' favor and against Defendant Alokele Hale.

### C. Remedies

Although Defendant Alokele Hale's default establishes its liability, it does not establish the other relief to which Plaintiffs are entitled.  See Fair Hous. of Marin, 285 F.3d at 906.  Plaintiffs must provide evidence to support their requested relief and the relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

First, Plaintiffs request that the Court issue a permanent injunction. Under the Lanham Act, the Court has the "power to grant injunctions according to the rules of equity and upon such terms as the court may deem reasonable" to prevent the trade dress infringement and unfair competition.  See 18 U.S.C. § 1116; see also Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1180 (9th Cir. 1988).  Plaintiffs are not automatically entitled to an injunction solely because they prove their claims.  See PepsiCo, 238 F. Supp. 2d at 1177.  Permanent injunctive relief requires that Plaintiffs show "(1) that [they] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).  Whether to grant permanent injunctive relief is an act of equitable discretion determined under the totality of circumstances.  La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.,

763 F.3d 867, 880 (9th Cir. 2014).

Here, Plaintiffs have shown that Defendant Alokele Hale has

infringed on the '722 Patent and has infringed on the Easybreath Mask trade dress.

Defendant Alokele Hale's failure to respond to this lawsuit shows that it is likely to

continue it infringement activities.  As a result of Defendant Alokele Hale's

actions, Plaintiffs have suffered and continue to suffer damage to its business and

goodwill.  Plaintiffs allege that no sufficient remedy at law exists to compensate

for this ongoing harm.  Without a permanent injunction, Defendant Alokele Hale

will likely continue its infringing activity, causing even more harm to Plaintiffs.

There is no evidence that the injunction will have any negative impact on the

public.  Because all of the factors weigh in favor of granting a permanent

injunction, the Court recommends that Plaintiffs request for a permanent injunction

be granted.

Second, Plaintiffs request that Defendant Alokele Hale be required to

deliver to Plaintiffs' counsel for destruction or other disposition all materials

currently in Defendant Alokele Hale's possession, custody, or control or recalled

by Defendant Alokele Hale incorporating, featuring or bearing the trade dress of

the H2O Mask or any other simulation, reproduction, copy or colorable imitation

of the Easybreath Mask trade dress in connection with any products.  The Court

has the discretion to order destruction of infringing material under 15 U.S.C.

§ 1118.  However, where an injunction enjoins an infringer from further

12

infringement, Courts have held that the rights of the plaintiff are adequately

protected, and an order requiring destruction of infringing articles is unnecessary.

See, e.g., Sugarfina, Inc. v. Sweitzer LLC, Case No. 2:17-CV-07950-ODW(JCX),

2018 WL 6265074, at *9 (C.D. Cal. Mar. 8, 2018) (citing Kelley Blue Book v.

Car-Smarts, Inc., 802 F. Supp. 278, 293 (C.D. Cal. 1992)).  In light of the

permanent injunction recommended to be entered by the Court, the Court finds that

an order requiring the destruction of any infringing articles in the possession of

Defendant Alokele Hale is unnecessary.

CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiffs Decathlon S.A.

and Decathlon USA LLC's Motion for Entry of Default Judgment be GRANTED

IN PART AND DENIED IN PART as follows:

(1)  GRANT default judgment in favor of Plaintiffs Decathlon S.A.

and Decathlon USA LLC and against Defendant Alokele Hale LLC;

(2)  GRANT Plaintiffs Decathlon S.A. and Decathlon USA LLC's

request for the following permanent injunction:

> Defendant Alokele Hale LLC, along with its officers, agents, directors, shareholders, principals, licensees, distributors, dealers, attorneys, servants, employees, affiliates, subsidiaries, and assigns, and all those persons in concert or participation with any of them, is PROHIBITED from:
>
> a.  manufacturing, importing, distributing, shipping, advertising, marketing, promoting, selling or otherwise

13

offering for sale the H2O Ninja Mask or any product bearing the trade dress of the H2O Ninja Mask or any other trade dress that is confusingly similar to the Easybreath Snorkeling Mask trade dress;

b. conducting any activities in the United States that relate to, refer to or concern the advertising, promotion, manufacture, production, importation, distribution, displaying, sale or offering for sale of snorkel masks, in any media or format, using the trade dress of the H2O Ninja Mask or any other trade dress that is a simulation, reproduction, copy, colorable imitation or confusingly similar variation of the Easybreath Snorkeling Mask trade dress;

c. using any false designation of origin or false description (including, without limitation, any trade dress), or performing any act, which can, or is likely to, lead members of the trade or public to believe that any goods manufactured, imported, advertised, promoted, distributed, displayed, produced, sold or offered for sale by Defendant Alokele Hale LLC, are in any manner associated or connected with Plaintiffs Decathlon S.A. and Decathlon USA LLC, or are authorized, licensed, sponsored or otherwise approved by Plaintiffs Decathlon S.A. and Decathlon USA LLC;

d. infringing U.S. Design Patent No. D775,722 S or inducing or contributing to such infringement;

e. engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of the Easybreath Snorkeling Mask trade dress;

f. applying to register or registering in the United States Patent and Trademark Office or in any state trademark registry the H2O Ninja Mask, or any other trade dress consisting in whole or in part of any simulation, reproduction, copy or colorable imitation of the Easybreath Snorkeling Mask trade dress;

g. diluting or tarnishing the Easybreath Snorkeling Mask trade dress; and

14

h. assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

(3) DENY Plaintiffs' request for an order requiring Defendant

Alokele Hale LLC to deliver to Plaintiffs' counsel for destruction all infringing

materials.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 13, 2019.



_____
Wes Reber Porter
United States Magistrate Judge

**DECATHLON S.A., ET AL. v. ALOKELE HALE LLC, ET AL.; CIVIL NO. 18-00256 ACK-WRP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT**